IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBIE JACKSON,<br><br>          **Plaintiffs**,<br>v.<br><br>CLINIC OF SIERRA VISTA,<br>DR. TIFFANY ISLES, and UNITED<br>STATES OF AMERICA,<br><br>          **Defendants**. | 1:12-CV-1329 AWI DLB<br><br>ORDER ON DEFENDANT'S<br>MOTION TO DISMISS AND<br>ORDER CLOSING CASE<br><br>(Doc. No. 4) |

*Background*

Plaintiff Bobbie Jackson filed suit in the Fresno County Superior Court Small Claims Division against Defendant Clinica Sierra Vista (erroneously named as Clinic of Sierra Vista) ("the Clinic") and Dr. Tiffany Isles. Plaintiff seeks monetary damages because Dr. Isles allegedly committed malpractice by cutting the right side Plaintiff's son's face.

On August 15, 2012, the United State removed the case to this Court. See Doc. No. 1. The United States certified that Dr. Isles was an employee of the Clinic, the Clinic is a federally supported health center, and Dr. Isles was acting within the scope of her employment. See id. The United States also filed a notice of substitution, which made the United States the proper defendant in this action pursuant to 28 U.S.C. § 2679(d)(1). See Doc. No. 2.

The United States then filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1). The United States argues that a claimant must meet the exhaustion requirements of the Federal Tort Claims Act ("FTCA") before suing the United States. The United States has submitted a declaration that shows Plaintiff did not file an administrative FTCA claim. Plaintiff did not file an opposition.

1  *Rule 12(b)(1) Framework*

2  Federal Rules of Civil Procedure 12(b)(1) allows for a motion to dismiss based on lack of
3  subject matter jurisdiction. See Fed. R. Civ. Pro. 12(b)(1). "It is presumed that a cause lies
4  outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party
5  asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). Rule
6  12(b)(1) motions may be either facial, where the inquiry is confined to the allegations in the
7  complaint, or factual, where the court is permitted to look beyond the complaint to extrinsic
8  evidence. Safe Air For Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004); Savage v.
9  Glendale Union High School Dist. No. 205, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003). When a
10 defendant makes a factual challenge "by presenting affidavits or other evidence properly brought
11 before the court, the party opposing the motion must furnish affidavits or other evidence
12 necessary to satisfy its burden of establishing subject matter jurisdiction." Meyer, 373 F.3d at
13 1039; Savage, 343 F.3d at 1039 n.2.

14 *Discussion*

15 The FTCA provides the exclusive remedy for "injury or loss of property, or personal
16 injury or death arising or resulting from the negligent or wrongful act of omission of any
17 employee of the Government while acting within the scope of his office or employment . . . ." 28
18 U.S.C. § 2679(b)(1). 42 U.S.C. § 233(a) provides that the FTCA is the exclusive remedy against
19 the United States for personal injury arising from actions by members of the Public Health
20 Service. The FTCA's coverage extends to employees of designated federally supported medical
21 clinics. 42 U.S.C. § 233(g).

22 The FTCA bars claimants from seeking damages against the United States in federal
23 court until they have exhausted their administrative remedies. 28 U.S.C. § 2675(a); McNeil v.
24 United States, 508 U.S. 106, 113 (1993); Ibrahim v. Department of Homeland Sec., 538 F.3d
25 1250, 1258 (9th Cir. 2008); Jerves v. United States, 966 F.2d 517, 518-19 (9th Cir.1992). The
26 FTCA commands that an "action shall not be instituted upon a claim against the United States
27 for money damages [caused by the wrongful conduct of a government employee acting within the
28 scope of employment] unless the claimant shall have first presented the claim to the appropriate

Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a); Valadez-Lopez v. Chertoff, 656 F.3d 851, 855 (9th Cir. 2011). This exhaustion requirement is jurisdictional, and it must be strictly followed. Valdez-Lopez, 656 F.3d at 855; Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2000); Jerves, 966 F.2d at 521. The Court is not allowed to proceed in the absence of a plaintiff's fulfillment of the FTCA's conditions merely because dismissal would visit a harsh result upon the plaintiff. Vacek v. U.S. Postal Service, 447 F.3d 1248, 1250 (9th Cir. 2006).

Here, the United States has submitted evidence that, as of August 22, 2012, Plaintiff had not filed an administrative FTCA claim relating to the Clinic or Dr. Tiffany Isles. See Torres Dec. ¶ 4. Plaintiff has not provided any evidence showing that she did file an FTCA administrative claim. In fact, as noted above, Plaintiff did not file an opposition or a response of any kind.

Based on the evidence before the Court, Plaintiff has failed to exhaust her administrative remedies before filing this action. Thus, this Court lacks subject matter jurisdiction and must dismiss this case. See Valdez-Lopez, 656 F.3d at 855; Brady, 211 F.3d at 502; Jerves, 966 F.2d at 521.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's Rule 12(b)(1) motion to dismiss is GRANTED;
2. Plaintiff's claims are DISMISSED without prejudice; and
3. The clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated:    October 4, 2012                                    _____
                                                             CHIEF UNITED STATES DISTRICT JUDGE